O. TALAMON & CO., for the use of, &c., v. HOME and CITIZENS' MUTUAL INSURANCE COMPANIES.

When the policy compels the assured to labor for the protection of the goods, and they are injured or stolen in the attempt to avoid the fire, the insurer is responsible.

APPEAL from the Sixth District Court of New Orleans, *Howell*, J. *G. & O. E. Schmidt*, for plaintiffs and appellants. *Bonford, Singleton & Clack*, and *A. A. Pitot*, for defendants.

BUCHANAN, J. Plaintiff insured against fire, in two offices, five thousand dollars in each, a stock in trade of a country store. Before the expiration of the risk, a fire broke out in the immediate vicinity of the premises occupied by the assured. This was the same fire spoken of in our decision of the case of *Caballero* and *Basualdo*, reported in 15th Annual, p. 217.

Plaintiff has made a statement of the loss suffered by him, under the four following heads:

1. A portion of the stock of goods, amounting to $8,000, was damaged by blood, mud and water, to the amount of 30 per cent.— say.............................................................$2,400

2. Another portion, of the value of $1,200, was damaged by the bursting of the roof, and the falling of bricks, timber, &c., to the extent of 30 per cent., say.................................    360

3. The remainder of the stock, valued at $10,800, damaged in consequence of the necessity of removal during a dark night, to the extent of 15 per cent.—say.................................  1,620

4. Expenses of removal......................................    150
                                                            _____
Total.....................................................$4,530

The defence set up against this claim is, that the loss was not occasioned by a risk assured against.

From the evidence, it seems that no part of the stock in trade of plaintiff was actually consumed by fire; but that the damage was sustained, partly in efforts to remove the goods from the premises of plaintiff to a place more remote from the seat of conflagration, with the intention of saving them from threatened destruction by fire; and partly, by the fall of buildings occasioned by an explosion of gunpowder.

The District Judge was of opinion that inasmuch as by the conditions of the policy, the assured was obliged to use his best endeavors for saving

and preserving the property, in the cases of fire, and of `loss or damage <span>Talamon</span>
by fire, and of exposure to loss or damage by fire, that he was entitled to <span>Home & C. Ins.Co.</span>
recover for the third and fourth items of the above statement.

The plaintiff appeals, and urges that the first item of his statement of
loss, is, equally with the third and fourth, referable to the head of dam-
age occasioned by a compliance with his obligation to use his best en-
deavors to preserve the propetry from the fire.

On the other hand, the counsel of defendants, who by an answer to the
appeal filed, ask for an amendment of their judgment in their favor, con-
tend that the plaintiff has no claim to indemnity for damage and expenses
incurred in removing the goods, because, in so doing, he was simply com-
plying with a condition imposed in the interest of the underwriter, and
diminishing his liability.

Upon this point of controversy, we quoted with approbation, in the
case of *Caballero* (15 An. 217) an authority from Bouvier, to the effect that
" when the policy compels the assured to labor for the protection of the
goods, and they are injured or stolen in the attempt to avoid the fire, the
insurer is responsible." We have seen no good reason for changing our
opinion upon this point. It remains to be seen, whether the first item of
plaintiff's statement comes within this class of damage.

It is not expressed in the statement that the damage by mud, blood and
water, was incurred in the attempt to remove the goods from plaintiff's
store; but the evidence makes it very clear that, in point of fact, it was so
incurred. Upon the principles of the decision in the court below, and of
the doctrine heretofore recognized by us, the plaintiff is therefore entitled
to have the first item of damage assessed in his favor. The policy makes
plaintiff his own insurer to the extent of one-fourth of the loss. The
other three-fourths of the first, third and fourth items of loss, must be
borne by defendants in equal proportions.

The second item is inadmissible under the decision in the case, above
quoted, of *Caballero* and *Basualdo*. Upon this point the Court was di-
vided in that case, two Judges dissenting, as shown by the report of the
case. But the counsel of plaintiff relieves us of any difficulty in relation
to it, by waiving in argument, before this Court, this portion of his claim.

It is therefore adjudged and decreed, that the judgment of the District
Court be amended; and judgment is hereby rendered in favor of O. Tala-
mon & Co. for the use and benefit of A. Sallé, against each of the defend-
ants, the Home Mutual Insurance Company of New Orleans, and the Cit-
izens' Insurance Company of New Orleans, severally, for the sum of fif-
teen hundred and sixty-three dollars and seventy-five cents, with legal in-
terest from judicial demand; and against the said defendants, *in solido*,
for the costs in both courts.