CHIEF JUSTICE WILLIAMS
delivered the opinion oe the court.
Appellant insured his stock of goods, then in a certain brick store-house in Paducah, Kentucky, August 7, 1866. During the period of insurance a fire broke out at night ■in the adjoining brick tenement, when the local agent of the company demanded of appellant that he should open his doors and have his goods removed, else his company would not pay the losses if any occurred. "Whereupon he threw open his door and commenced removing his goods to a safer place, in the doing of which some were injured and more stolen. These things are all averred in the petition. The insurance company adjusted the losses by injury, but demurred as to the losses by theft, which the court sustained, and which is the sole question involved on this appeal.
The policy contains this covenant: “Provided always, and it is hereby declared and agreed, that this company shall not he liable to make good any loss or damage by fire which shall happen or arise by any foreign invasion, insurrection, riot, or civil commotion, or any military *641 or usurped power, or by any explosion, earthquake, or hurricane.” The policy referred to contains conditions, among which are the following in addition to the above: “That this company will not be liable for any loss or damage to goods contained in the show-window when the loss or damage is caused by the light in the window; nor shall the company be liable for loss by theft.” This is the only exception of loss by theft either in the policy or its conditions, and this evidently applies to theft from tho show-windows, and not theft committed in the necessary removal of goods to save them from impending conflagration.
The real question then is, whether theft in the necessary and prudent removal of goods to save them from threatened destruction by fire is within the covenant of the policy to insure against fire.
In Tilton v. Hamilton Fire Insurance Company, 1 Bosworth’s Rep. 371, the Superior Court of the City of New York held “that the fire created a necessity of immediately removing the goods in order to save the whole or part of them from being burned. In making such removal, even if all be removed before the fire reaches that part of the building from which they were taken, a loss, in spite of all precautions, may be produced by at least two causes incident to such an act: one is a partial injury of some goods themselves by their hurried removal, and the confused state in which they may necessarily for a time be thrown; another is from a theft or abstraction of some part of the goods. If these are not natural results, it is believed that common experience shows that both, in large cities, are almost invariably inevitable results.”
The court then determined “that when the damage in any particular case is a direct and unavoidable consequence of the occurrence of the peril insured against, *642 the insurers are liable, though the immediate agent was not such peril. All the consequences flowing from the peril insured against or incident thereto are properly attributable to the peril itself;” citing Maguire v. New England Marine Ins. Co., 1 Story’s C. C. R. 157; Kahn v. Corbett, 2 Bing. R. 205; 2 Arnould, 799.
In New Mark v. London & Liverpool Fire and Life Insurance Company, 30 Mo. 160, the Supreme Court of Missouri held that the liability of an insurance company for losses by theft is not restricted to the precise period when the fire was extinguished. The precise time when a theft occurs is not important, if it be occasioned directly by the fire and there be no exception of loss by theft in the policy.
So the Supreme Court of North Carolina, in Whitehurst v. Fayetteville Mutual Insurance Company, 6 Jones’s Law Rep. 352, held that losses arising from bona fide efforts to extinguish fire, such as wetting and soiling of goods, and losses by theft consequent upon their removal, are fairly within the contract of insurance.
The Supreme Court of Illinois, in Case v. Hartford Fire Insurance Company, 13 Illinois, 676, held that the circumstances as they existed at the time must determine the necessity for removal; and whatever loss or damage is necessarily sustained by such removal, when the danger of destruction was so direct and immediate that a failure to remove would have been gross negligence on his part, the insured is entitled to recover. The fire, under such circumstances, may be regarded as the proximate cause of any loss sustained.
In Talmon v. Home and Citizens Mutual Insurance Company, 16 La. An. 426, the Supreme Court of Louisiana held that where the policy required the assured to labor for the protection of the insured goods, and such goods, *643 in an attempt to avoid a fire, are injured or stolen, the insurer is liable for the loss. And such seems to be the doctrine of the Queen’s Bench of Canada in Thompson v. Montreal Insurance Company, 6 Upper Canada, 2 Q. B. 319.
There can scarcely be a doubt but that the law would require of the insured reasonable efforts, made in good faith, to secure goods from impending peril, and for gross negligence the insured might be exonerated from liability; hence, under the facts averred in this case, there can scarcely be a doubt that the removal of the goods would have been proper when the adjoining tenement was being consumed, though in fact the house wherein these goods were escaped destruction and even injury. The rights of the insured can not be made to depend on the fact of the destruction of the building, but the inquiry should be, what was prudent and seemingly required on the part of the insured from the impending peril at the time of the removal ? And while perhaps the liability of the insurer could not be fixed alone on the demand of its agent, as this may have been outside of his agency, yet the demand of the agent for the removal is a powerful and significant fact to establish the propriety of the removal; and if such removal was proper, then the insurer is liable for all the consequences naturally, inevitably, or probably flowing from it.
Loss by theft about large commercial towns and marts is a consequence as immediate and certain and direct as is the damage to the goods by water and defacement when goods are necessarily removed to prevent destruction by the peril.
"Wherefore the judgment is reversed, with directions to overrule defendant’s demurrer, and for further proceedings consistent herewith.