SOUTHERN HOME INS. CO. v. WALL.

(Division B.    March 31, 1930.    Suggestion of Error Overruled May 5, 1930.)

[127 So. 298.    No. 28557.]

866

**W. S. Welch** and **Ellis B. Cooper**, both of Laurel, for appellant.

·Collins & Collins, of Laurel, for appellee.

**Anderson, J.,** delivered the opinion of the court.

Appellee brought this action against appellant in the county court of the second district of Jones county on a fire insurance policy issued by appellant to appellee to recover a fire loss on a stock of merchandise covered by the policy. There was a trial, resulting in a verdict and judgment for appellee in the sum of two hundred sixteen dollars and eighty-one cents; from that judgment appellant appealed to the circuit court, where the judgment of the county court was affirmed; from the judgment of the circuit court, appellant appeals to this court.

Appellant defended the action on two grounds: First, that the loss suffered by appellee was not covered by the policy; and, second, if the loss was covered by the policy, the maximum amount appellee was entitled to recover was twenty-three dollars and forty cents.

There was no substantial conflict in the evidence as to the material facts. There was a conflict, however, as to the inferences to be drawn from the proven facts and surrounding circumstances. The policy covered ap-

pellee's stock of merchandise; it contained the usual three-fourths value clause, and the clause against theft. The building in which appellee conducted his mercantile business was burned. Appellee occupied only part of the building; the part of the building occupied by him was not burned, but in fighting the fire his stock of merchandise was damaged by smoke and water. After the fire, and before any of the goods were removed, the goods were inventoried, showing a value of fifty-six dollars and sixty-nine cents, the damage to the goods by smoke and water caused by fighting the fire was twenty-three dollars and forty cents.

The fire took place on December 10, 1928. On November 15, 1928, an inventory of the stock was made, showing a value of five hundred twenty-nine dollars and twenty cents. Between the time of the inventory and the fire appellee bought and put into his stock goods invoicing two hundred twelve dollars and nine cents, and sold between those dates goods of the invoice value of three hundred eighty-two dollars and twenty cents. Appellee's average profit was twenty per cent. These figures, added and subtracted in the proper way, showed that there was on hand at the time of the fire goods of the value of four hundred thirty-five dollars and eighty-three cents, instead of the value of fifty-six dollars and fifty-nine cents, as shown by the inventory after the fire was over. Appellee's theory was that during the progress of the fire goods of the value of the difference between these two sums was stolen.

Appellant's position is that under the terms of the policy there was no liability for loss by theft:

"This company shall not be liable for loss caused directly or indirectly by invasion, insurrection, riot, civil war or commotion, or military or usurped power, or by order of any civil authority; or by theft; or by neglect of the insured to use all reasonable means to save and preserve the property at and after a fire or when the

property is endangered by fire in neighboring premises; or (unless fire ensues, and, in that event, for the damage by fire only) by explosion of any kind, or lightning; but liability for direct damage by lightning may be assumed by specfiic agreement hereon.''

In construing the provisions of a contract of insurance, all the provisions of the policy must be so construed, if it can be reasonably done, so as to give effect to each. Where the policy is subject to two interpretations, equally reasonable, that which gives the greater indemnity to the insured will prevail. If one construction, looking to the other provisions of the policy, and to its general object and scope, would lead to an unreasonable result, such construction must be abandoned, and that construction adopted which will be more consistent with reason. In all cases the policy must be liberally construed in favor of the insured, in order to accomplish the purpose of the insurance. 1 May on Insurance, 174, 175; McMaster v. N. Y. Life Ins. Co., 183 U. S. 25, 22 S. Ct. 10, 46 L. Ed. 64; Hagan v. Scottish Ins. Co., 186 U. S. 423, 22 S. Ct. 862, 46 L. Ed. 1229; First Nat. Bank v. Ry. Co., 36 Fla. 183, 18 So. 345; L'Engle v. Ins. Co., 48 Fla. 82, 37 So. 462, 67 L. R. A. 581, 111 Am. St. Rep. 70, 5 Ann. Cas. 748.

It will be observed from the provision of the policy quoted above that appellant was exempt from liability from theft of the goods, as well as neglect by appellant to use ''all reasonable means to save and preserve the property at and after a fire, or when the property is endangered by a fire in neighboring premises.'' The question is whether these two clauses of the policy can stand together; and, if they are so inconsistent they cannot stand together, which one must go down? Queen Ins. Co. v. Patterson Drug Co., 73 Fla. 665, 74 So. 807, L. R. A. 1917D, 1091, although not exactly in point as to its facts, is in point as to the principles therein laid down. The contract of insurance in that case contained the same provision as the one here involved. It was held

in that case that it was the duty of the insured to use all reasonable means to save and prevent the insured property from impending loss or damage by fire, and if, while moving it from threatened destruction or damage, or after it was so removed, and before the insured had time to put it in a place of safety, any goods were stolen, the theft was a consequence flowing from the peril insured against, and incident thereto, and the insured was entitled to recover for the goods lost by theft; that the restriction in the policy against loss by theft was incompatible with the requisite that the insured should use all reasonable means to save the goods from impending destruction or damage by fire; that, where there were conflicting clauses in an insurance policy, the one which affords the most protection to the insured would control; that, where the contract of insurance, when the penalty was non-recovery, required the insured to do something which might reasonably result in a loss, the company could not escape liability by a restriction in the policy that it would not be liable for loss occurring as a result of the performance by the insured of the required act. To the same effect are Leiber v. Liverpool, London & Globe Ins. Co., 6 Bush (Ky.) 639, 99 Am. Dec. 695; Witherell v. Maine Ins. Co., 49 Me. 200; Newmark v. Liverpool & London Fire Ins. Co., 30 Mo. 160, 77 Am. Dec. 608; Whitehurst v. Fayetteville Ins. Co., 51 N. C. 352; Talamon & Co. v. Ins. Co., 16 La. Ann. 426; Case v. Hartford Fire Ins. Co., 13 Ill. 676.

We think the reasoning of the Florida case, and the cases on which that case is founded, is sound. It is true that under the facts of the present case, if any of the goods of the insured were stolen, the theft did not take place during their removal from the building in which they were situated, because they were not removed, but took place during the progress of the fire, while it was being fought by the fire company and others. Nevertheless, we think the same principle applies as where the

theft takes place during the removal of the goods from the building; for the policy is avoided if the insured fails to use all reasonable means to save and preserve the property, whether it is removed from the building or not. Under this clause of the policy it was the duty of appellee not only to use all reasonable means under his immediate control to fight the fire and preserve the goods but it was his duty to avail himself of the efforts of the fire company and the bystanders for the same purpose. In doing this the risk of theft of some part thereof followed.

Appellee, therefore, was confronted with this situation: If he failed to avail himself of all reasonable means to preserve the goods from loss by fire, the policy would be avoided; and, on the other hand, if he complied with the requirement of the policy in that respect, and as the result thereof the goods were stolen, appellant would be exempt from liability therefor under the theft clause of the policy. The two clauses of the policy are so conflicting that they cannot stand together—one must give way to the other; and, under the principles stated, the provision most favorable to the insured must be upheld.

The court refused an instruction to the jury, requested by appellant, that, if they returned a verdict for appellee, the maximum amount appellee was entitled to recover was twenty-three dollars and forty cents, the water and smoke damage shown by the evidence to have been done to the goods found in the store after the fire. The court refused this instruction, on the theory that there was sufficient evidence to go to the jury on the question whether, during the progress of the fire, and as an incident thereto, there was stolen from the stock of goods the difference between fifty-six dollars and fifty-nine cents, the invoice value of the goods found in the store after the fire, and the sum of four hundred thirty-five dollars and eighty-three cents, the invoice value of the goods appellee contends was in the store at the time the fire began.

We are of opinion that it is a very close question whether appellant was entitled to that instruction, for the evidence is strong that during the progress of the fire, and immediately thereafter, before appellee had again acquired complete possession of the goods, there was no opportunity for theft of any part thereof by the bystanders or others. Still, the evidence on behalf of appellee, which was undisputed, showed that on the 15th day of November there was a correct inventory taken of the stock then on hand, which amounted to five hundred twenty-nine dollars and twenty cents; that there was added to that merchandise invoiced at two hundred twelve dollars and nine cents, from which there had been sold out of stock merchandise invoiced at three hundred eighty-two dollars and twenty cents; leaving a balance on hand at the time of the fire on the 10th of December of the same year of the invoice price of four hundred thirty-five dollars and eighty-three cents.

We cannot say that only one reasonable inference can be drawn from the undisputed facts, namely, that no part of the goods were stolen during the progress of the fire, and as an incident thereto. Under the evidence, the inference of theft was a reasonable one, although the contrary inference may have been more reasonable.

Affirmed.