## LUMBERMENS MUTUAL CASUALTY COMPANY *v.* BROADUS, et al.

No. 41245 October 19, 1959 115 So. 2d 130

*M. M. Roberts,* Hattiesburg, for appellant.

*James Finch,* Hattiesburg, for appellees.

HALL, J.

This case involves the right of the appellees as the surviving next of kin of Jerry Neal Broadus, II who was accidently drowned in the swimming pool of Mississippi Southern College on April 25, 1957, to recover accidental death benefits in the amount of $1,000 under a blanket student accident expense policy issued by the appellant, effective November 21, 1955.

The case was tried before the circuit judge without a jury on a written agreed statement of facts.

Under this agreement it was stipulated that the policy in question was in full force and effect, and the annual premium therefor had been paid for Jerry Neal Broadus, II prior to the date of his death and that the question for determination is whether or not said insurance contract applies in favor of the appellees under the existing facts. The policy in question was issued to George Hurst School and Mississippi Southern College. It was stipulated that George Hurst School is a laboratory or a demonstration school, grades one through eight or the first eight grades in school, and that college students in the field of education get their practice teaching at the George Hurst School which has its own faculty and convenes each school day at eight o'clock A. M. with thirty minutes off for lunch and closes at three o'clock P. M. of each school day and that said school did close at three o'clock P. M. on the afternoon of April 25, 1957.

It was further stipulated that after the school closed the children were dismissed for the day and went to their respective homes and that Jerry Neal Broadus, II went to his home at a time when his mother was away at work but his father was at home and Jerry Neal and his brother, Charles, were permitted, by their father, to go to the swimming pool at the Mississippi Southern College which is owned and operated by the college and during the swimming pool season is in charge of life guards who are Mississippi Southern College students of college grade working extra as life guards, and that the said Jerry Neal and his brother left their home and walked to the college swimming pool during the afternoon of said day and that Jerry Neal was removed from said pool a drowning victim at about 5:20 P. M. and that he had drowned at approximately 5 P. M. on said date.

It was further stipulated that the swimming pool of the Mississippi Southern College is under the supervision of Mr. M. C. Johnson, swimming pool manager, and on April 22, 1957 the swimming pool was open for the first time in 1957 and the pool was subject to be used between the hours of 3:45 P. M. and 6 P. M. by those paying a fee of $1 for a period of six weeks therefor, but the George Hurst School was authorized to permit George Hurst School students to use the college swimming pool between the hours of nine and ten in the morning under the supervision of one or more faculty members of the George Hurst School. A copy of the swimming pool regulations was attached to the stipulation but it was specifically agreed in writing that the regulation as to the use of the swimming pool by George Hurst School between the hours of nine and ten A. M. had not begun at the time the child was drowned.

It was stipulated that George Hurst School is located on the campus of Mississippi Southern College and approximately one-fourth mile to the southwest of the location of the Mississippi Southern College swimming pool where the drowning occurred.

The stipulation also pointed out the contention of the appellees as to coverage under the policy and likewise the contention of the appellant. The coverage as to death benefits under the policy is provided in five paragraphs of the policy as follows: "This insurance covers only those accidental bodily injuries which are sustained by a student:

(A) while attending school on the school premises during a regular school day, but only during the period beginning one hour before school commences and ending one hour after the student is dismissed from school.

(B) while the student is traveling directly from the home to the school or traveling directly from the school to the home on a regular school day.

(C) while participating in a school-sponsored activity, other than athletics, under the supervision of a proper school authority wherever such activity is taking place.

(D) while traveling under the supervision of a proper school authority to or from a school-sponsored activity covered hereunder.

(E) while participating in athletics under the supervision of a proper school authority or during actual interscholastic competition (except while practicing for or participating in interscholastic football, if the student is enrolled in the ninth, tenth, eleventh or twelfth grades.)'' The appellant contends that this case is covered by paragraph (A) and the appellees contend that it is covered by paragraph (C).

It was further stipulated that the swimming pool was permitted to be used without charge for children of college students at any time within the hours said pool was open; that George Hurst School is a department of Mississippi Southern College, controlled by the college administration and is a part of the college and that due to crowded conditions some college classes were held at the time in the George Hurst School.

It was also stipulated that there was no way to particularly identify the campus of George Hurst School from the campus of Mississippi Southern College except that a playground area was designated for George Hurst School but also used as an R. O. T. C. practice drill field by college students and that there was no fence or other means of separating the campus of Mississippi Southern College and the campus of George Hurst School.

At the trial the circuit judge filed a written opinion and findings and held that paragraph (C) of the coverage applied to this case. The circuit judge found as a matter of fact that George Hurst School is a department of Mississippi Southern College and that the policy

was issued on behalf of both; that the swimming pool was for the benefit of children of college students whenever it was open, that it is under the control of the college administration, and that at the time involved the George Hurst School was being used as classrooms for Mississippi Southern College and the court found that as a matter of fact it is impossible to separate the two.

The court further found that as a matter of fact the deceased was participating in a school-sponsored activity, that is, use of the swimming pool furnished for and on behalf of George Hurst students and Mississippi Southern College and that it was under the supervision of a proper school authority, that is, Mr. M. C. Johnson.

It must be borne in mind that the policy in question was prepared by the appellant and we are at once confronted with the principle of law that where a policy of insurance is prepared by the insurance company its terms must be considered most favorably toward the insured and especially that provisions of doubtful meaning must be construed most strongly toward liability. In the case of Interstate Life and Accident Company v. Waters, 213 Miss. 265, 272, 56 So. 2d 493, we quoted with approval from Southern Home Insurance Company v. Wall, 156 Miss. 865, 127 So. 298, 299 as follows: "In construing the provisions of a contract of insurance, all the provisions of the policy must be so construed, if it can be reasonably done, so as to give effect to each. Where the policy is subject to two interpretations, equally reasonable, that which gives the greater indemnity to the insured will prevail. * * * In all cases the policy must be liberally construed in favor of the insured, in order to accomplish the purpose of the insurance."

In the case of New York Life Insurance Company v. Nessossis, 189 Miss. 414, 426, 196 So. 766, we quoted with approval from Columbian Mutual Life Insurance Company v. Craft, 186 Miss. 234, 185 So. 225 as follows:

"As respects a feature wherein there is no practical difficulty in making the language plain and free from doubt, we are in accord with the remark found in Turner v. Fidelity, etc. Company, 112 Mich. 425, 70 N. W. 898, 38 L. R. A. 529, 67 Am. St. Rep. 428, that a policy or certificate of insurance 'should be framed with such deliberate care that no form or expression by which, on the one hand, the party assured can be caught, or by which, on the other, the company can be cheated, should be found on the face of it' and the only effective way to foster that result is to construe any doubtful provision against the company * * * which prepared and put forth the policy."

 We are confronted in this case with a contract which under paragraph (A) of the coverage provides for indemnity only during the period beginning one hour before school commences and ending one hour after the student is dismissed from school and in which paragraph (C) provides that it does cover indemnity while participating in a school-sponsored activity other than athletics under the supervision of a proper school authority wherever such activity is taking place. These two coverages, taken together, are certainly so ambiguous as to mislead the lawyers on both sides in their contentions. The circuit judge having found as a fact that the deceased was participating in a school-sponsored activity, that is, use of the swimming pool furnished for and on behalf of George Hurst students and Mississippi Southern College, and that it was under the supervision of a proper school authority, that is Mr. M. C. Johnson, we cannot say that the decision of the circuit judge was erroneous and the judgment of the lower court must, therefore, be affirmed.

Affirmed.

*Roberds, P. J.,* and *Lee, Holmes* and *Ethridge, JJ.,* concur.