SOVEREIGN LIFE INSURANCE
COMPANY, Appellant,

v.

Fred T. BUSSE, Individually and for David
Joseph Busse, minor son, Appellee.

No. 16722.

Court of Civil Appeals of Texas.

Fort Worth.

April 1, 1966.

Rehearing Denied April 29, 1966.

Cervin & Stanford, and Paul H. Stanford, Dallas, for appellant.

Carter, Gallagher, Jones & Magee, and Charles D. Mayes and Ben T. Warder, Jr., Dallas, for appellee.

RENFRO, Justice.

The Sovereign Life Insurance Company issued a student accident policy to Fred T.

Busse to insure Mr. Busse's minor son, David, against certain risks.

Plaintiff had the option to take the twenty-four hour protection policy at an annual premium of $9.00, or a more restricted policy at a rate of $3.00 per annum. He chose to take the $3.00 premium policy.

Said policy covers:

"(A). while attending school during regular school hours and while on the school premises—such coverage on the school premises extends during the period beginning one hour before school commences and ending one hour after the student is dismissed from school;

"(B). while traveling in or struck by a public conveyance or a vehicle of any kind directly between home and school;

"(C). while participating in school-sponsored activities (including religious services) under the supervision of a proper school authority wherever such activity is taking place;

"(D). while traveling under the supervision of a proper school authority to and from a school-sponsored activity covered hereunder;

"(E). while participating in athletics sponsored by the school and under the supervision of a proper school authority or during interscholastic or intercollegiate competition."

On January 24, 1964, David was a student in Bishop Dunne High School. The school is located in the southern part of Dallas. David was a cheer leader. On the night in question Bishop Dunne had a regularly scheduled basketball game with Jesuit High School. The latter school is in the northern part of Dallas. David was directed by school authorities to be present at Jesuit School, in his cheer leader uniform, by 8:00 P.M. He was told that transportation would not be furnished; that he was to get to the game on his own. David went home from school, and, later in the afternoon or evening, he and a friend went to Jesuit in plaintiff's automobile. He arrived on time and participated in leading cheers at the game. He was required by his school authorities to be present and perform his duties.

After the game David and his friend got in plaintiff's car and, after proceeding on Inwood Road, about 100 yards from the Jesuit parking lot entrance David "rear-ended" the automobile ahead of him.

He then crossed, or attempted to cross, Inwood to "flag" a ride back to the school parking lot to report the accident to a police officer.

He was struck by a car and seriously injured.

It is obvious David was not covered by provisions (A), (C) and (E).

Plaintiff claims he is entitled to recover under provisions of (B) and (D). Defendant contends plaintiff is not entitled to recover under any of the provisions of the policy.

From a judgment for plaintiff, defendant appealed.

"A common meaning of 'supervise' is 'to superintend,' which was defined by the Supreme Court of Texas in Burrell Engineering & Construction Co. v. Grisier, 111 Tex. 477, 240 S.W. 899, as meaning: 'To have charge and direction of; to direct the course and oversee the details; to regulate with authority; to manage; to have or exercise the charge and oversight of; to oversee with the power of direction; to take care of with authority; to oversee; to overlook.'" Nederlandsch-Amerikaansche, Etc. v. Vassallo, 365 S.W. 2d 650 (Houston Civ.App., 1963, ref., n. r. e.).

In Charles v. American Progress. Health Ins. Co. of N. Y., 127 So.2d 459 (Fla. Dist.Ct. of App., 3rd Dist., 1961), it was held that a policy coverage to a student while riding as a group to or from the

school actually in a vehicle selected by and operated under supervision of duly delegated school authorities did not extend coverage to an insured for injuries sustained in an accident while operating his motorscooter en route to the site of a varsity softball game in which he was scheduled to participate, even though the coach permitted him to take his motor scooter to the game.

In our opinion the language in paragraph (D) is clear and unambiguous. It provides for coverage, in case of injury, only if the traveling is under the supervision of a proper school authority.

The evidence is undisputed that David was not traveling under the supervision of a proper school authority when he was injured. His injury, therefore, was not covered in paragraph (D).

Paragraph (B) provides for recovery if the student is struck by a vehicle "directly between home and school." As heretofore stated, David was a student in Bishop Dunne High School. The injury occurred at night while David was returning from a basketball game at Jesuit High School to his home. The two schools were across town from each other. David left Bishop Dunne School between 3:30 and 4:00 P.M. and proceeded to his home in another part of the city. From his home he drove to the Jesuit School.

The only reasonable construction to be given (B) is that the student is covered if struck by a vehicle while traveling directly between home and the school in which he is enrolled as a student.

On the night in question David would have been insured under the twenty-four hour policy. Unfortunately for plaintiff, the $3.00 policy did not cover the accident in question.

Plaintiff urges that the following cases support the judgment for him: Cunningham v. World Mutual Health & Accident Insurance Co., 203 Pa.Super. 352, 201 A. 2d 316; Dzurko v. Pilot Life Insurance Company, 195 Pa.Super. 267, 171 A.2d 885; Lumbermen's Mutual Casualty Co. v. Broadus, 237 Miss. 387, 115 So.2d 130, 74 A.L.R.2d 1248; Unger v. Guarantee Reserve Life Ins. Co., 166 Ohio St. 409, 142 N.E.2d 857; and World Insurance Co. v. Puckett, 93 Ga.App. 538, 92 S.E.2d 215.

All of said cases are readily distinguished from the instant case by the facts involved or the policy provisions construed.

Judgment reversed and rendered that plaintiff take nothing.