AMERICAN HARDWARE MUTUAL INS. CO. *v.* UNION GAS COMPANY.

41370 March 7, 1960 118 So. 2d 334

*Hugh N. Clayton,* New Albany, for appellant.

*Smallwood, Darden & Summers,* New Albany, for appellee.

APPELLANT IN REPLY.

Ethridge, J.

This case involves the single issue of extent and meaning of an exception or exclusion clause in a contractor's general liability policy.

About one mile west of New Albany, U. S. Highway 78 runs generally east and west. Whisenant, a contractor, was doing some grading work with a bulldozer on a lot owned by Robbins south of and contiguous to the highway right-of-way. Robbins had a permit to grade and pave the right-of-way leading to his lot in connection with the construction on his property of a service station.

Along the south side of the highway right-of-way, but within its limits, complainant Union Gas Company main-

tained a six-inch gas transmission line, which was buried at the proper depth. Whisenant knew of its presence and location. Martin, an employee of Whisenant, was attempting to "bulldoze" a stump out of the ground, while clearing the land, and negligently allowed the blade of the bulldozer to cut a hole in the pipeline, which was within the limits of the highway right-of-way, parallel to it. The pipeline was near the south boundary of the right-of-way, and south of a drainage ditch therein.

The company obtained a judgment in the Circuit Court of Union County against Whisenant in the amount of $1,669.53, for damages to its pipeline.

Thereafter Union Gas Company filed the present suit in Chancery Court against appellant, American Hardware Mutual Insurance Company. The bill was for discovery as to whether appellant had written a public liability policy covering Whisenant's contracting operations, a disclosure of the contents of the policy, and a decree against the insurance company for the amount of the judgment obtained against defendant's insured. The answer of defendant attached a copy of the policy, and averred that its insured, Whisenant, was not covered for any of his operations in "highways", because of an exclusion clause. On a stipulation of facts, the chancery court's final decree held that defendant's insured was covered by the policy, the exclusion clause was ambiguous, and, interpreting it most favorably to insured, the policy covering Whisenant excepted only injuries to pipes caused by the use of mechanical equipment on the traveled portion of highways. Hence the decree made an award against the insurance company for the amount of Union's judgment against the defendant's insured.

The exception from coverage under the policy provides:

*"Exclusions.*

*"This policy does not apply:*

(n) under Coverage B with respect to Division 2 of the Definition of Hazards, (1) to injury or destruction of wires, conduits, pipes, mains, sewers, or other similar property, or any apparatus in connection therewith, below the surface of the ground, arising out of operations stated in the declarations as subject to this exclusion or out of operations not described therein which are subject to this exclusion in the company's manual, if such injury or destruction is caused by and occurs during the use of mechanical equipment for the purpose of excavating or drilling in streets or highways, or (2) to injury to or destruction of property at any time resulting therefrom.''

Basic principles governing interpretation of such provisions are summarized in 45 C. J. S., Insurance, Sec. 834: ''General rules governing the construction of insurance contracts ordinarily are applicable in construing exceptions or exemptions in liability policies. Exceptions to the general liability are to be strictly construed against the company, and any uncertainty in the meaning of the exclusion clause should be decided in favor of insured. A liability policy having a clear and unequivocal guaranty against accidental loss will not be limited or controlled by later doubtful exemptions.''

29 Am. Jur., Insurance, Sec. 264, states somewhat similar criteria: ''The rule is well established that if conditions, exceptions and exemptions from, or limitations of, the liability of an insurer are not expressed plainly and without ambiguity, they will be construed strictly against the insurer, and liberally in favor of the insured, in order that the purpose of insurance shall not be defeated. It has been deemed that an insurer should not be allowed, by the use of obscure phrases and exceptions, to defeat the very purpose for which the policy was procured. The reason for this rule is that the insurance company selected the phrase to be construed and

should have specifically excluded the risk if there was any doubt.''

■■ ■ The large number of differing interpretations of the meaning of the word ''highway'' demonstrates that the word is ambiguous. Exclusion clause (n) excepts injuries to pipes caused by use of mechanical equipment excavating ''in streets or highways.'' To most people a ''highway'' is that portion of a public way over which one travels. Webster's International Dictionary, (2d ed. 1950), p. 1179; 39 C. J. S., Highways, Sec. 1; 25 Am. Jur., Highways, Sec. 2; 19 Words & Phrases (Perm. ed. 1940), p. 439, et seq., Supp. p. 130, et seq. It does not appear that these definitions of the word ''highway'' contain the term right-of-way. Nor is there any all-purpose definition of the word which includes the full limits of the unimproved right-of-way or easement. Usually the term means that part which is open for travel or transportation. Essentially, ''highway'' is a ''generic term frequently used in a very broad sense with the result that no fixed rule with regard to its meaning can be given.'' 39 C. J. S., Highways, Sec. 1.

Moreover, the several Mississippi statutes defining ''highway'' for the purposes of the particular act have varying meanings. Some define it, in their context, as including the entire right-of-way. Miss. Code 1942, Secs. 8053, 8137, 8285-01, 9352-02. Others define the word narrowly so as to exclude the exterior boundaries of the right-of-way, and confine its meaning to that part of a public road open to the use of the public for the purpose of vehicular travel. Code Secs. 8077, 7634, 10013-02(f). Moreover the cited statutes have within themselves various definitions of the word. See also Code Sec. 2780 (eminent domain right granted to pipeline companies.)

■■ ■ As previously stated, where there is doubt as to the meaning of an insurance contract, it is universally construed most strongly against the insurer, and in favor of the insured. Claxton v. Fidelity & Guaranty Fire

Corp., 179 Miss. 556, 175 So. 210 (1937) ; Griffin v. Maryland Casualty Co., 213 Miss. 624, 57 So. 2d 486 (1952). Uncertainty in the meaning of the exclusion should be decided in favor of the insured. The basic reason is that the insurer prepares the policy and should not be allowed by the use of obscure or ambiguous exceptions to defeat the purposes for which the policy was sold. Great American Insurance Co. v. Bass, 208 Miss. 436, 44 So. 2d 532 (1950) ; Evana Plantation, Inc. v. Yorkshire Insurance Co., Ltd., 214 Miss. 321, 58 So. 2d 797 (1952).

 Appellant could have but did not make the exclusion clear by applying it to excavating within the entire public right-of-way or easement. Certainly the word "highways" is capable here of two reasonable constructions, one including and one excluding the extreme boundaries of the right-of-way. We think the trial court correctly adopted the alternative which limited the exclusion. Moreover, since the principal difficulty encountered in grading or excavating with reference to pipelines pertains to old lines beneath the traveled portions of streets and highways, the exclusion as interpreted reasonably applies to those situations. Reduced hazards would seem to exist as to pipes under the dirt surface of the untraveled extremities of a right-of-way. The analogy is much closer to pipes under easements over private property. In the latter case appellant's policy would cover its insured.

In brief, the chancery court correctly interpreted the exclusion clause. The word "highways" as used in it did not except coverage of insured under the facts presented in this suit.

Affirmed.

*Hall, Kyle, Holmes* and *Gillespie, JJ.,* concur.