249 So.2d 375 (1971)
STATE FARM MUTUAL AUTOMOBILE INSURANCE CO., Defendant-Appellant,
v.
Mrs. Janelle C. LATHAM, Plaintiff-Appellee.
No. 46240.
Supreme Court of Mississippi.
June 7, 1971.
Lipscomb, Barksdale, Steen & Caraway, Jimmy B. Reynolds, Jr., Jackson, for defendant-appellant.
Roy Noble Lee, Tom S. Lee, Forest, for plaintiff-appellee.
PATTERSON, Justice:
The State Farm Mutual Automobile Insurance Company appeals from a judgment of the Circuit Court of Scott County in favor of Mrs. Janelle C. Latham in the sum of $5,000. The facts, which are not in controversy, are as follows:
On February 19, 1965, State Farm issued an insurance policy to Kelly N. Latham and his wife, Janelle C. Latham. This policy contained death benefits, pertinent here, in these terms:

*376 A. INSURING AGREEMENT IV  AUTOMOBILE DEATH INDEMNITY * * *
Coverage S
Division 1  Death Indemnity. To pay the principal sum stated as applicable in the exceptions of the declarations in event of the death of each insured which shall result directly and independently of all other causes from bodily injury caused by accident and sustained by the insured while occupying or through being struck by an automobile, provided the death shall occur within 90 days from the date of such accident.
On March 21, 1968, while the policy was in effect, Kelly N. Latham was killed in an automobile accident enroute to his work. At the time he was driving a 1968 Chevrolet pickup truck owned by Forest Constructors, Inc., his employer. This vehicle, which was furnished to plaintiff's decedent for his use, was registered with the Motor Vehicle Comptroller's office as a commercial vehicle. Though against the policy of Forest Constructors, Inc., for the pickup truck to be used except in work-related activities, it was nevertheless, with the knowledge of the company, often used for personal purposes by Kelly N. Latham.
From these facts the trial court, sitting without a jury, concluded that the provisions of Insuring Agreement IV, Death Benefits, were applicable and entered its judgment in favor of the insured. State Farm contends on appeal that the trial court erred in finding that the pickup truck was not a commercial vehicle and excluded under the terms of the policy. The exclusion relied upon is:
B. EXCLUSIONS  INSURING AGREEMENT IV
Insuring Agreement IV does not apply:
(a) to bodily injury sustained in the course of his occupation by any person while engaged (1) in duties incident to the operation, loading or unloading of, as an assistant on, a public or livery conveyance, commercial automobile, ambulance, fire truck, police car or other emergency vehicle, or (2) in duties incident to the repair or servicing of automobiles * * *
The term, "commercial automobile" in the above provision is defined by Section 6(b) of the declarations of the policy as follows:
The term "commercial" or "commercial-farm" is defined as used principally in the business occupation of the named insured as stated in the exceptions, including occasional use for personal, pleasure, family and other business purposes.
The issue before the Court is whether the vehicle which the appellee's husband occupied at the time of his death was a "commercial automobile" as defined in the policy. There is no question but that the vehicle was being used for a commercial purpose at the time of the accident. The use of the vehicle is not dispositive, however, of the issue since the policy expressly defines "commercial automobile" with reference to the coverage in question. The policy definition, being that agreed upon by the contracting parties, must be accepted and applied. The decisive issue is the application of the definition to the vehicle in question. It must be determined whether the vehicle is the counterpart of the definition set forth in the policy. If it comes within the definition, coverage is excluded; if it does not, the policy affords coverage; or if the definition is susceptible of more than one meaning so that the vehicle may or may not come within the classification, then it is ambiguous and coverage is afforded through the legal theory that the policy should be construed most strictly against the insurer and in favor of the insured. Aetna Life Ins. Co. v. Evins, 199 So.2d 238 (Miss. 1967); American Hdw. Mutual Ins. Co. v. Union Gas Co., 238 Miss. 289, 118 So.2d 334 (1960); *377 Lumbermen's Mutual Casualty Co. v. Broadus, 237 Miss. 387, 115 So.2d 130, 74 A.L.R.2d 1248 (1959); and Southern Home Ins. Co. v. Wall, 156 Miss. 865, 127 So. 298 (1930).
We repeat the definition in the policy:
6(b) The term "commercial" * * * is defined as use principally in the business occupation of the named insured as stated in the exceptions, including occasional use for personal, pleasure, family and other business purposes.
We note the policy does not contain a statement in its exceptions delineating the business occupation of the named insured. In the absence of such statement the general exclusion afforded by Paragraph "B" of Insuring Agreement IV would prevail, we think, as the policy definition of a commercial automobile. This paragraph employs only the term "commercial automobile" without further qualification. At best this definition is general and subject to many interpretations. The distinction between an automobile used principally for pleasure and a pickup truck used principally for commercial purposes, though fairly obvious when viewed generally, becomes more elusive and less certain of definition when the family automobile is put to use in conveying objects necessary to a business, or when the pickup truck used generally around a farm or other commercial enterprise during the work days of the week becomes the family recreational vehicle over the weekend. Though we believe the varied constructions placed upon "commercial automobile" are indicative of an ambiguity, and particularly so since the business occupation of the insured was not stated so that the point might be clarified, we do not decide this case upon that basis.
We will assume, for the purpose of this opinion, since the answer of State Farm avers that the decedent was employed by Forest Constructors, Inc., that this was his principal occupation. We are of the opinion, nevertheless, that the definition of a commercial vehicle set forth in Section 6(b) is uncertain or ambiguous when it is contrasted with the use to which the truck was generally put. The facts are that the pickup truck was furnished to the decedent by his employer for the principal purpose of going to and returning from his work. The further facts are, however, that the truck was often used for the personal purposes of the employee. The policy definition restricts a commercial vehicle to one used principally in the business occupation of the insured including occasional personal use. A literal construction of this definition would exclude, in our opinion, a vehicle that was often used for pleasure. We are unable to determine at what point a deviation from the principal use and an increasing personal use would transform the vehicle's classification from commercial to pleasure. The cases cited are not too enlightening since they were decided upon different factual situations. The case most analogous to the present one is Bauerle v. State Farm Mutual Automobile Insurance Company of Bloomington, Illinois, 153 N.W.2d 92, 96 (N.D. 1967). The Court there in considering an insurance policy containing identical exclusionary language held that a pickup truck which was used principally on a commercial farm and procured for that purpose was excluded under the policy. It stated:
No one has contended that this was not a commercial farm, or that the decedent was not pursuing his occupation as a farmer at the time of his death, and the evidence introduced was only for the purpose of showing that the vehicle was sometimes used for pleasure. When viewed in the light of the purpose for which the truck was acquired, it becomes obvious that the principal purpose of having the truck was to serve a commercial need, to wit: on a commercial farm by a person whose occupation was that of a farmer. Since the truck was acquired for use on a "commercial farm", by the decedent who listed his occupation as a "farmer", there can be no doubt *378 that the vehicle was a commercial vehicle under the exclusionary terms of the automobile policy which is involved here.
We note that the vehicle there was "sometimes used for pleasure." This factor obviously influenced the decision as the Court stated later in its opinion:
While the evidence indicates that the truck was at times used for purposes other than the transportation of commodities, there can be no question but what it was primarily adapted to commercial purposes, and its incidental use for pleasure and non-economic purposes, would not change its character. The use to which it was put at the time the cause of action arose, is strong indication of its principal use. (153 N.W.2d at 97).
If the "incidental" or "sometimes used" in Bauerle were supplanted with "often used" for pleasure and non-economic purposes, the Court logically could have found the exclusionary clause was not applicable. We do not mean to indicate that the Court would have done so. We do think, however, that the present facts afford a clear distinction from those before the North Dakota Court and that the persuasive force of its opinion is diminished by these facts.
The remaining cases cited by the appellant from other jurisdictions have greater distinction than the above and we do not belabor them since each case of this nature, the application of definitive terms to a factual situation, must be determined upon a case-to-case basis.
In American Hardware Mutual Insurance Company v. Union Gas Company, 238 Miss. 289, 293-294, 118 So.2d 334, 335 (1960), a case involving an exclusionary clause, we adopted the general rule announced in 29 Am.Jur., Insurance, section 264:
* * * "The rule is well established that if conditions, exceptions and exemptions from, or limitations of, the liability of an insurer are not expressed plainly and without ambiguity, they will be construed strictly against the insurer, and liberally in favor of the insured, in order that the purpose of insurance shall not be defeated. It has been deemed that an insurer should not be allowed, by the use of obscure phrases and exceptions, to defeat the very purpose for which the policy was procured. The reason for this rule is that the insurance company selected the phrase to be construed and should have specifically excluded the risk if there was any doubt."
We then decided that the words "in streets or highways" were ambiguous due to the large number of differing interpretations of their meanings and reaffirmed the former decisions of the Court in this language:
As previously stated, where there is doubt as to the meaning of an insurance contract, it is universally construed most strongly against the insurer, and in favor of the insured. Claxton v. Fidelity & Guaranty Fire Corp., 1937, 179 Miss. 556, 175 So. 210; Griffin v. Maryland Casualty Co., 1952, 213 Miss. 624, 57 So.2d 486. Uncertainty in the meaning of the exclusion should be decided in favor of the insured. The basic reason is that the insurer prepares the policy and should not be allowed by the use of obscure or ambiguous exceptions to defeat the purposes for which the policy was sold. * * * (238 Miss. at 294-295, 118 So.2d at 336).
See also Great American Insurance Co. v. Bass, 208 Miss. 436, 44 So.2d 532 (1950); Evana Plantation, Inc. v. Yorkshire Insurance Co., 214 Miss. 321, 58 So.2d 797 (1952), as well as Maryland Casualty Company of Baltimore, Md. v. Beckham, 163 Miss. 836, 839, 143 So. 886 (1932), with reference to whether a vehicle was being used by the insured so as to come within *379 the policy exclusionary paragraph, wherein we stated:
The sole question presented is whether the injury came within one of the numerous exceptions inserted in the policy. The principal or general insurance paragraphs plainly cover the injury and liability here sued on, but it is contended that under special paragraph six injuries such as this are excluded. The pertinent parts of said paragraph six are as follows: "This policy does not cover * * * (5) any accident caused directly or indirectly by any automobile vehicle * * * owned or used by the assured or by any employee of the assured in charge of any such vehicle. * * *" The automobile admittedly was not owned by the insured, and thus the question is whether the vehicle was being used by the insured in the sense of said exclusionary paragraph. In other words, whether the automobile was at the time being used by the insured, or whether it was being serviced.
The terms of an insurance policy are construed favorably to the insured wherever this may reasonably be done, and particularly is this true in respect to exclusion clauses. The word "used" must be interpreted in this policy to mean to put, or to convert, to one's own service; it does not include that which is a direct part of the service to another, as was this case. * * *
We conclude that the clause "including occasional use for personal purposes" when applied to the admitted fact of "often used" for personal purposes, creates an ambiguity or uncertainty and that this uncertainty created by the language of the insurer must be resolved against it and in favor of the insured, and particularly so since the definition sought to be imposed by the insurer would defeat the purpose of the policy if followed.
Affirmed.
All Justices concur.