584 So.2d 405 (1991)
COMMERCIAL UNION INSURANCE COMPANY
v.
DAIRYLAND INSURANCE COMPANY.
No. 07-CA-59448.
Supreme Court of Mississippi.
July 24, 1991.
*406 Roy D. Campbell, III, Campbell Delong Hagwood Wade & Stuart, Greenville, for appellant.
Dan W. Webb, David B. McLaurin, Shuttleworth Smith & Webb, Tupelo, for appellee.
Before ROY NOBLE LEE, C.J., and SULLIVAN and BANKS, JJ.
ROY NOBLE LEE, Chief Justice, for the Court:
Commercial Union Insurance Company (Commercial) appeals from an order of the Washington County Chancery Court, Nathan P. Adams, Jr., presiding, which granted summary judgment in favor of Dairyland Insurance Company (Dairyland). Commercial presents the following issues for discussion.
ISSUES
I. DID THE INSURANCE POLICY CONTAIN A CONDITION PRECEDENT, AND IF SO, DID WASHINGTON SATISFY IT?
II. WAS DAIRYLAND PREJUDICED FROM THE COUNTY COURT DEFAULT JUDGMENT?
III. WAS DAIRYLAND PREJUDICED WITHOUT THE COUNTY COURT DEFAULT JUDGMENT?
IV. WAS THE CHANCERY COURT DEFAULT MATERIAL TO THE RIGHTS OF COMMERCIAL?

FACTS
On August 29, 1985, Curtis Washington hit a parked car owned by Henry Hardy. The car was occupied by Daisy McDaniel and Christine Golden. Hardy's car was insured under a policy with Commercial. Commercial paid Hardy $223.33 for damages to his car, $3,700.00 to McDaniel for her personal injuries and $3,350.00 to Golden for her personal injuries. The total amount paid was $7,273.33. These payments were made by Commercial under its uninsured motorist coverage.
Commercial filed a subrogation action against Washington in the County Court. Washington did not answer and a default judgment was entered against him on June 1, 1987.
While attempting to collect the judgment, Commercial found out in August, 1987, that Washington had an insurance policy with Dairyland in effect at the time of the accident. Although Dairyland had notice of the accident and paid a property damage claim to Hardy, it did not know *407 about the County Court action until August, 1987.
Dairyland filed a Complaint for Declaratory and Injunctive Relief against Washington and Commercial in Chancery Court on December 14, 1987. Dairyland claimed that Washington's failure to notify it of the County Court action released it of any obligation to pay the judgment. Commercial counterclaimed alleging that (1) the notice requirement did not constitute a condition precedent, (2) the default judgment did not prejudice Dairyland, and (3) if Dairyland was prejudiced by the default judgment, Commercial would agree to set it aside. Commercial also sought a declaration that Dairyland's policy did provide coverage for the County Court judgment entered against Washington. Washington failed to answer and the Chancery Clerk entered a default against him on February 5, 1988.
On March 14, 1988, Dairyland filed a Motion for Summary Judgment contending that Washington's failure to provide notice rendered its coverage void as to both Washington and Commercial. Commercial filed a Cross-Motion for Summary Judgment with affidavits attached attempting to establish that Dairyland had not been prejudiced because (1) Washington was clearly liable because he hit a parked car and (2) the damages paid by Commercial were minimal.
On May 9, 1988, the Chancellor issued a letter-opinion in which he found that notice was not a condition precedent to coverage, but since the default judgment was prejudicial to Dairyland, coverage was voided.
Before a final order was entered pursuant to the letter-opinion, Commercial filed a Motion to Defer Entry of Judgment. Commercial then moved the County Court to set aside the default judgment. The default judgment was set aside on May 25, 1988. Commercial then filed with the Chancery Court a Motion to Reconsider, stating that the County Court default judgment had been set aside, thereby eliminating the prejudice to Dairyland from Washington's failure to notify Dairyland of the County Court suit.
On June 10, 1988, the Chancellor issued another letter-opinion in which he held that the setting aside of the County Court default judgment was of no consequence because the prejudice still remained since Washington was in default in the Chancery Court action. On June 22, 1988, the Chancellor entered an Order of Dismissal with Prejudice, ordering entry of a default judgment against Washington, declaring that Dairyland had no obligation to defend or indemnify Washington respecting any claims arising out of the subject automobile accident, enjoining Commercial from attempting to collect from Dairyland any judgments obtained against Washington arising out of that accident, and denying Commercial's Cross-Motion for Summary Judgment. The Motion to Reconsider was also denied, and the Motion to Defer Judgment was dismissed as moot.

DISCUSSION

I.
On its cross appeal, Dairyland contends that it is not obligated to pay any damages incurred as a result of the accident because Washington failed to comply with the notice requirement in the insurance policy. The clause at issue reads as follows:
You must cooperate with us in our effort to investigate the accident or loss, settle any claims against you and defend you. You must also send us, promptly, any legal papers served on you or your representative as a result of a car accident. If you fail to cooperate or fail to promptly send us such legal papers, we may have the right to refuse you any further protection for the accident or loss.
(emphasis added).
Washington did not notify Dairyland of the legal proceedings in the County Court and, according to Dairyland, it was not aware that there were any passengers in the parked car when it was hit until two years after the accident occurred. A default judgment against Washington had already been entered by that time. Dairyland takes the position that the notice requirement *408 constitutes a condition precedent.
Although the clause in Dairyland policy requires prompt notice, failure to comply does not automatically void Dairyland's obligations under the policy. The clause merely states that Dairyland "may have the right to refuse [the insured] any further protection." The language implies that Dairyland also may not have the right to refuse protection.
The ambiguity should be interpreted in favor of the insured.
The basic reason is that the insurer prepares the policy and should not be allowed by the use of obscure or ambiguous exceptions to defeat the purposes for which the policy was sold.
American Hardware Mutual Insurance Co. v. Union Gas Co., 238 Miss. 289, 295, 118 So.2d 334, 336 (1960). Furthermore, the interpretation sustaining indemnity must prevail. Monarch Insurance Company of Ohio v. Cook, 336 So.2d 738, 741 (Miss. 1976).
The Chancellor held that the language did not constitute a condition precedent.
The Court is of the opinion that the language contained in the notice requirement in Dairyland's policy of insurance does not establish a condition precedent to coverage. The Court further concludes that the Dairyland policy contains no forfeiture clause respecting its notice requirement.
Dairyland could have specifically stated that failure to give notice will render any obligations under this policy void. The language in the notice clause is ambiguous, and as a result, the Chancellor was correct in determining that the clause did not constitute a condition precedent.
The judgment is affirmed on cross appeal.

II.
Commercial filed a subrogation action against Washington in the County Court. Washington did not answer, and the County Court entered a default judgment against him on June 1, 1987, in the amount of $7,273.33.
Dairyland was not given notice of any of these proceedings. Thus, it was unable to defend against Commercial's claims and it was not given the opportunity to negotiate with Commercial. Although Commercial makes the argument that Dairyland was not prejudiced because Washington was clearly liable since he hit a parked car and that the damages were minimal and reasonable, Dairyland still was entitled to the opportunity to attempt to protect its interests.
Failure to give notice of the legal proceedings and entry of the default judgment in Dairyland's absence was clearly prejudicial.
The default judgment, however, was eventually set aside by motion of Commercial. Thus, its prejudicial effect no longer exists.

III. and IV.
Commercial had the County Court default judgment set aside before the Chancellor entered his final opinion, and filed a Motion to Reconsider. In granting summary judgment in favor of Dairyland, the Chancellor held the following:
In the view of the Court, Commercial Union's argument ignores the crucial fact that Washington remains in default in the instant case and that Commercial Union's position, in this case, insofar as Commercial Union attempts to claim against a policy of insurance issued by Dairyland to the defendant Washington, is derivative and coextensive with Washington's rights. It is the opinion of the court that the prejudice to Dairyland remains in this case.
(emphasis added).
Dairyland maintains that the Chancellor was correct in holding that Commercial's rights are only derivative of Washington's. Since Washington defaulted, Dairyland has no duty to pay the judgment, and Dairyland is not obligated to Commercial because it is not obligated to Washington.
Commercial, however, contends that the lower court erred in holding that Dairyland *409 was prejudiced by the default entered in the Chancery proceeding. In support of its argument that Dairyland was not prejudiced, Commercial cites a similar case decided by the Supreme Court of Alabama. In Casualty Reciprocal Exchange v. Wallace, 280 Ala. 61, 189 So.2d 861 (1966), Casualty filed a complaint for declaratory judgment against the son of its insured, Robert Wallace, and against the injured parties, the Brights. Wallace failed to appear, and a decree pro confesso was entered against him. "As for the Brights ..., the chancellor decreed that the insurance policy in question does afford coverage to Robert for the occurrence." Id. at 63, 189 So.2d at 863. Casualty appealed alleging the following error:
The appellant argues ... that the court erred in failing to hold that the Brights' rights under the policy are derivative only, and can rise no higher or greater than Robert Wallace's rights under the policy. The appellant says that since a decree pro confesso was taken against Robert, the insured, then Mr. and Mrs. Bright, the tort claimants, can have no rights under the policy because their rights must be derived from Robert.
Wallace at 64, 189 So.2d at 864.
The Supreme Court of Alabama, however, affirmed the lower court's decision.
The final effect of appellant's argument is that a decree pro confesso rendered against an insured in a declaratory judgment suit brought by the insurer cuts off all rights of the injured parties. We think this argument is manifestly unsound, and appellant cites us to no apt case in support of it. There is authority in the opposite direction.

Wallace at 64, 189 So.2d at 864 (emphasis added).
We are of the opinion that the lower court erred in granting summary judgment based on the fact that Dairyland was prejudiced from the chancery court default judgment. Since the county court judgment was set aside, the chancellor should have allowed Commercial the opportunity to prove that Dairyland was obligated to pay for the damages caused by its insured, and that Dairyland was not prejudiced due to the lack of notice, passage of time since the accident, availability of evidence, etc.
The judgment of the lower court is reversed and remanded on direct appeal consistent with this decree and is affirmed on cross appeal.
REVERSED AND REMANDED ON DIRECT APPEAL; AFFIRMED ON CROSS APPEAL.
HAWKINS and DAN M. LEE, P.JJ., and PRATHER, ROBERTSON, SULLIVAN, PITTMAN, BANKS and McRAE, JJ., concur.