IN THE SUPREME COURT OF MISSISSIPPI
NO. 96-CA-00136-SCT

*J & W FOODS CORPORATION AND JERRIE LYNN KELLY HUGHES*

*v.*

*STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY*

| | |
|---|---|
| DATE OF JUDGMENT: | 01/24/96 |
| TRIAL JUDGE: | HON. JAMES E. GRAVES, JR. |
| COURT FROM WHICH APPEALED: | HINDS COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANTS: | JAMES W. NOBLES, JR. |
| ATTORNEY FOR APPELLEE: | EDWARD J. CURRIE, JR. |
| NATURE OF THE CASE: | CIVIL - INSURANCE |
| DISPOSITION: | REVERSED AND REMANDED - 05/14/98 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | 8/21/98 |

**EN BANC.**

**McRAE, JUSTICE, FOR THE COURT:**

¶1. Before this Court is the question of whether the mother of a shareholder in a closely held corporation qualifies as an insured pursuant to an uninsured/underinsured motorist (UM/UIM) provision in an insurance policy where the corporation is the named insured. The record is insufficient to support judgment on the pleadings as granted by the county court and affirmed by the circuit court below. Further, because we take this opportunity to establish guidelines to be followed in interpreting policies like the one in the case sub judice, we reverse and remand.

**I.**

¶2. The accident giving rise to this cause of action occurred on March 23, 1994, when Julia Kelly was fatally injured while riding in a vehicle being driven by Edna Edwards. Both parties agree that Edwards's negligence caused the accident. Edna Edwards was an underinsured motorist at the time of the collision. Prior to her death, Julia Kelly lived with her daughter and son-in-law, Jerrie Lynn Kelly Hughes and Wayne P. Hughes, at their residence.

¶3. Jerrie and Wayne Hughes own one hundred (100) percent of J & W Foods Corporation, a

Subchapter S (closely held) corporation which operates a Dairy Queen store in Jackson, Mississippi. They are the sole officers of the corporation. The Hugheses reside at 2096 Monaco Street in Jackson. J & W Foods is also domiciled at 2096 Monaco Street in Jackson. The Hugheses own a 1991 GMC Pickup truck titled in the corporation's name and insured by State Farm Automobile Insurance Company for Automobile Liability and Uninsured and Underinsured Motorists Bodily Injury Liability Insurance. It is under this policy that Jerrie Hughes made a claim for underinsured motorist coverage based on her mother's death.

¶4. Section III of the policy, Uninsured Motor Vehicle Coverages, states that "We [State Farm] will pay damages for *bodily injury* an *insured* is legally entitled to collect from the owner or driver of an *uninsured motor vehicle.* The *bodily injury* must be caused by an accident arising out of the operation, maintenance or use of an *uninsured motor vehicle*." This section also defines an "insured" under the policy:

> **Who is an Insured - Coverages U and U1**
>
> *Insured* - means the *person* or *persons* covered by uninsured motor vehicle coverage.
>
> This is:
>
> 1. *you;*
>
> 2. *your spouse;*
>
> 3. *your relatives;* and
>
> 4. any other *person* while *occupying:*
>
> a. *your car*, a *temporary substitute car*, a *newly acquired car*, or a trailer attached to such a *car.* Such vehicle has to be used with the consent of *you* or *your spouse;* or
>
> b. a *car* not owned by *you, your spouse* or any *relative,* or a trailer attached to such a *car.* It has to be driven by the first *person* named in the declarations or that *person's spouse* and with the owner's consent.
>
> Such other *person occupying* a vehicle used to carry *persons* for a charge is not an *insured.*

## II.

¶5. Under the Mississippi Uninsured Motorist Coverage provisions,

> [t]he term "insured" shall mean the named insured and, while resident of the same household, the spouse of any such named insured and relatives of either, while in a motor vehicle or otherwise, and any person who uses, with the consent, expressed or implied, of the named insured, the motor vehicle to which the policy applies, and a guest in such motor vehicle to which the policy applies, or the personal representative of any of the above. The definition of the term "insured" given in this section shall apply only to the uninsured motorist portion of the policy.

Miss. Code Ann. § 83-11-103(b).

¶6. Generally, the "named insured" refers only to the name actually appearing on the insurance policy. According to the language of the policy in this case, only J & W Foods Corporation was the named insured; no individuals were designated as named insureds. Further, the decedent could not be a spouse of the named insured. Additionally, the decedent was not occupying a vehicle belonging to the insured, nor was she occupying a vehicle not owned by the corporation but driven by the insured. Therefore, to be recognized as an insured, Julia Kelly must be included within the "your relatives" language of the UM/UIM provision.

¶7. This is a case of first impression before this Court. We begin with the basic principles in analyzing contracts between individuals and insurance companies. Before recovery is warranted, we must decide whether the decedent is an insured under the insurance contract. *State Farm Mut. Auto. Ins. Co. v. Davis*, 613 So. 2d 1179, 1180 (Miss. 1992). The central factor in making this determination, which involves a question of law for this Court to resolve, is whether the policy provision under review is ambiguous. If this Court finds an insurance policy ambiguous, we must necessarily find in favor of coverage.

¶8. Initially, in interpreting an insurance policy, this Court should look at the policy as a whole, consider all relevant portions together and, whenever possible, give operative effect to every provision in order to reach a reasonable overall result. *Continental Cas. Co. v. Hester*, 360 So. 2d 695, 697 (Miss. 1978). Nevertheless, this Court interprets and construes insurance policies liberally in favor of the insured, especially when interpreting exceptions and limitations. *State Farm Mut. Auto. Ins. Co. v. Latham*, 249 So. 2d 375, 378 (Miss. 1971); *American Hardware Mut. Ins. Co. v. Union Gas Co.*, 238 Miss. 289, 293, 118 So. 2d 334, 335 (Miss. 1960). Mississippi law also recognizes the general rule that provisions of an insurance contract are to be construed strongly against the drafter. *Nationwide Mut. Ins. Co. v. Garriga*, 636 So. 2d 658, 662 (Miss. 1994); *Williams v. Life Ins. Co. of Georgia*, 367 So. 2d 922, 925 (Miss. 1979). This rule of insurance construction dictating that ambiguities be resolved in favor of the insured is sometimes referred to as the "contra-insurer rule," which is based upon the doctrine of *omnia praesumuntur contra proferentem*, literally meaning "all things are presumed against the offeror." *See generally* 2 Lee Russ and Thomas Segalla, *Couch on Insurance*, § 22.14 (3d ed. 1995); *Restatement (Second) of Contracts* § 206 (1981).

¶9. An ambiguity in an insurance policy exists when the policy can be interpreted to have two or more reasonable meanings. *See Insurance Co. of North America v. Deposit Guaranty Nat. Bank*, 258 So. 2d 798, 800 (Miss. 1972). When the language of a policy is subject to more than one reasonable interpretation, this Court will apply a construction permitting recovery. *State Farm Mut. Auto. Ins. Co. v. Scitzs*, 394 So. 2d 1371, 1372 (Miss. 1981); *State Farm Mut. Auto. Ins. Co. v. Taylor*, 233 So. 2d 805, 811 (Miss. 1970). If there is an ambiguity within a policy of insurance, then the intention of the parties to the insurance contract should be determined based upon what a reasonable person placed in the insured's position would have understood the terms to mean. *See Key Life Ins. Co. of S.C. v. Tharp*, 253 Miss. 774, 781, 179 So.2d 555, 558 (1965). Where a clause of an insurance policy subject to dispute involves exceptions or limitations on the insurer's liability under the policy, this Court construes the policy even more stringently. *Cf. Government Employees Ins. Co. v. Brown*, 446 So. 2d 1002, 1006 (Miss. 1984) (adopting theory that, without clear and

unambiguous language of limitation by insurer, insurer cannot limit recovery for benefits for which a insured paid a premium); ***Hartford Acc. & Indem. Co. v. Bridges***, 350 So. 2d 1379, 1381-82 (Miss.1977) (holding that because language seeking to limit liability of insurer was ambiguous and difficult to understand, aggregating of coverages was warranted).

¶10. In a previous uninsured motorist coverage case, this Court allowed coverage for individuals, even though the policy at issue was one in which a non-individual was the named insured. In ***Cossitt v. Nationwide Mut. Ins. Co.***, 551 So. 2d 879 (Miss. 1989), this Court found that a church which paid for uninsured motorist coverage on its buses should not have expectations any different from that of an individual policyowner with regard to stacking. ***Id.*** at 884. The insurance policy language in ***Cossitt*** was similar to that in the instant case, including voluntary and knowing reference by the insurer to "you or any family member" in a policy issued to a business. ***Id.*** This Court, along with both parties in the case, recognized that the injured individuals were insured under the church's policy, despite the fact that they were not actually "occupying" the insured vehicle. ***Id.***

¶11. Given this discussion of the law, we cannot say that the record before us is sufficient to determine whether Julia Kelly was an insured under the policy held by J & W Foods Corporation. We really cannot tell from the record what the intent was of the stockholders when the insurance was purchased. Aspects of the relationship between the parties which supported our conclusions in other coverage cases are not reflected here, including whether the shareholders of the corporation actually intended to be covered under the UM/UIM provision, since the policy language specifically refers to "you," "spouse," and "relative," but the insured is a corporation wholly owned by the Hugheses. Was the insurance purchased to cover the family members under the corporation and using the family's address? Was this corporation intended to be run as a family business? Because J & W Foods is a Subchapter S corporation, it is different from other corporations where shareholders only own a few shares of stock. The corporation and its shareholders may have expected that individuals would be covered under the policy. Along with understanding the intent of the shareholders of the closely held corporation, knowing how many policies were issued to the corporation and who paid the premiums on the policy under review would be helpful in resolving this case. *See **Cossitt***, 551 So. 2d at 884 (finding that even though policies were issued to the church and premiums were paid by the church, the church had expectation that individuals would be covered). Such factual determinations are necessary before the coverage question can be resolved.

¶12. In a nutshell, judgment on the pleadings was not available in this case, and the court below erred in prematurely granting appellee's motion for judgment on the pleadings pursuant to M.R.C.P. 12(c). This case is remanded for further factual development of the representations made by the insurer and insured and for proceedings consistent with this opinion.

¶13. **REVERSED AND REMANDED.**

**SULLIVAN AND PITTMAN, P.JJ., BANKS AND ROBERTS, JJ., CONCUR. MILLS, J., DISSENTS WITH SEPARATE WRITTEN OPINION JOINED BY PRATHER, C.J., AND SMITH, J. WALLER, J., NOT PARTICIPATING.**

    **MILLS, JUSTICE, DISSENTING:**

¶14. I find that the language in J&W Food Company's insurance policy is unambiguous and would affirm the trial court's judgement for the Defendant. For this reason, I respectfully dissent.

¶15. The issue we are presented with today is whether the term "relative" in a closely held corporation's insurance policy includes relatives of the officers and shareholders of the corporation. I believe that we should follow the majority of the jurisdictions which hold that it does not.[1]

¶16. There are two classes of insured under the Mississippi Uninsured Motorist Act. **Miss. Code Ann. 83-11-103(b) (1991).** The first class includes "the named insured and, while resident of the same household, the spouse of any such named insured and relatives of either, while in a motor vehicle or otherwise." **Miss. Code Ann. 83-11-103(b)(1991)**. The second class of insured includes any person who uses the named insured's vehicle with the express or implied consent of the named insured and any guest in the motor vehicle to which the policy applies. **Id.** In the case *sub judi*ce, Ms. Kelly does not fit into either class.

¶17. In the insurance policy at issue, J&W Foods Corporation is the named insured. The Hughes claim that Ms. Kelly was an insured within the definition and meaning of the State Farm policy. The Hughes assert that because they are the sole owners of J&W Food Corporation and J&W Food Corporation is operated out of their home, in which Ms. Kelly also resided, that she was covered by the policy. Since Ms. Kelly was not a driver or a passenger in the GM truck that was insured J&W Food, the only way she will be covered by the policy is if she is considered a "relative" of the insured. As a corporation J&W Foods is not capable of having relatives. Thus, according to the language of the policy, Ms. Kelly is not an insured.

¶18. Essentially, what the Hughes are asking this Court to do is to pierce the corporate veil and treat J&W Food's automobile policy as a family policy. Before this Court will pierce the corporate veil, the plaintiff must show that the factual circumstances are so extraordinary that "to do otherwise would 'subvert the ends of justice.'" *Gray v. Edgewater Landing, Inc.*, 541 So.2d 1044, 1046 (Miss. 1989) (*quoting* **Johnson & Higgins of Mississippi, Inc. v. Commissioner of Insurance**, 321 So.2d 281, 284 (Miss. 1975). The only situations which warrant piercing the corporate veil are situations in which a party has abused the corporate entity to perpetrate fraud and evade contractual and tort responsibility. *Hogan v. Mayor & Aldermen of Savannah*, 320 S.E. 555, 558 (Ga. Ct. App. 1984). The present case does not present such a situation.

¶19. This Court has a long history of respecting the corporate entity. *Gray*, 541 So. 2d at 1046. To allow the appellants to disregard the corporate entity would send the message to all closely held corporations that you may use the corporate form to obtain certain benefits and then when it doesn't suit you, you may disregard the corporate entity. I think this would result in a grave injustice.

¶20. For the reasons set forth above I respectfully dissent.

**PRATHER, C.J., AND SMITH, J., JOIN THIS OPINION.**

1. *Grain Dealers Mutual Ins. Co. v. McKee*, 943 S.W.2d 455 (Tex. 1997); *Hogan v. Mayor & Aldermen of Savannah*, 320 S.E.2d 555 (Ga. Ct. App. 1984); *Dixon v. Gunter*, 636 S.W. 2d 437 (Tenn. Ct. App. 1982); *Cutter v. Maine Bonding & Casualty Co.*, 579 A.2d 804 (N.H. 1990); *Kaysen v. Federal Ins. Co.*, 268 N.W.2d 920 (Minn. 1978); *Eveready Ins. Co. v. Schwartz*, 387 (N.Y. Super. Ct. 1976); *Polzin v. Phoenix Hartford Ins.Co.*, 283 N.E. 2d 324 (Ill. Ct. App. 1972); *Giambri v. Government Employees Ins. Co.*, 405 A.2d 872 (N.J. Super. Ct. Law Div. 1979). *General Ins. Co. of America v. Icelandic Builders, Inc.*, 604 P.2d 966 (Wash. Ct. App. 1979).