**IN THE UNITED STATES COURT OF APPEALS**

**FOR THE FIFTH CIRCUIT**

No. 00-60679

WESTERN WORLD INSURANCE CO.,

Plaintiff - Counter Defendant - Appellee,

versus

EARNEST FERNANDEZ, Etc.; ET AL.,

Defendants,

SHADUNICA BANKS, as the Administratix of the Estate
of Briana Banks, deceased, and individually as an heir at
law and wrongful death beneficiary of Briana Banks, deceased;
ANDRE WHITFIELD, a minor, by and through his mother
and next friend, Shadunica Banks, individually as an heir at
law and wrongful death beneficiary of Briana Banks, deceased,

Defendants - Counter Claimants - Appellants.

Appeal from United States District Court
for the Northern District of Mississippi

November 15, 2001

Before HIGGINBOTHAM, BARKSDALE and STEWART, Circuit Judges.

PER CURIAM:[*]

Shadunica Banks and Andre Whitfield (collectively "Banks") appeal a grant of summary

judgment in favor of Western World Insurance Company ("Western World") in which the district

---

[*]Pursuant to CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstance set forth in 5th CIR. R. 47.5.4.

court found that Western World had no duty to pay a default judgment held by Banks. Because we find that the district court did not err, we affirm the judgment.

## FACTUAL AND PROCEDURAL HISTORY

On April 5, 1999, Western World filed suit seeking a declaratory judgment concerning its rights and responsibilities to its insured, Mink Oil Products, Inc., a/k/a Fernandez Labs, Inc., a/k/a Earnest Fernandez d/b/a/ Mink Oil Products, Inc. (collectively "Fernandez"). Western World subsequently joined as a defendant Banks, the plaintiff in the underlying wrongful death lawsuit.

Banks filed suit on October 10, 1996, against Fernandez seeking recovery for the death of her infant daughter who had allegedly died as a result of ingesting and inhaling a quantity of Mink Oil Hair Sheen, manufactured by Mink Oil Products, Inc.[1] The return of service filed in that action showed that a deputy sheriff of Lee County, Mississippi, personally delivered the summons and complaint to Fernandez on October 23, 1996. Fernandez failed to file a responsive pleading, and a final judgment was entered against him on January 3, 1997, for the sum of $575,000 plus costs and post-judgment interest after Banks moved for a default judgment.

On September 5, 1997, Fernandez filed a motion to set aside the default, claiming that service of process had not been properly effected on him. On February 12, 1999, Mississippi Circuit Judge Barry Ford conducted a hearing regarding this question but stayed his ruling in order to afford Fernandez the opportunity to notify Western World of the pending lawsuit. On March 30, 1999,

---

[1] Banks alleged in her complaint that the hair sheen did not contain warnings, that the product was dangerous to the air passages if inhaled, swallowed or aspirated, and that the hair sheen did not contain instructions or warnings informing the consumers of what to do in case the product was ingested. The complaint further alleged that the hair sheen was an unreasonably dangerous product in that it is poisonous if ingested, yet it did not have a safety cap to prevent it from being opened by minors.

however, the Circuit Court entered an order denying Fernandez's motion to set aside the default judgment.

In a letter dated February 28, 1999, Fernandez notified Western World for the first time of Banks's lawsuit. Western World agreed to provide legal counsel to Fernandez in order to set aside the default judgment. Western World, however, maintained a reservation of rights to deny coverage for the claim based on Fernandez's failure to give timely notice of Banks's claim.

Western World subsequently filed a complaint for declaratory judgment in federal district court regarding its duty to defend and to indemnify Fernandez based on his failure to give it timely notice of Banks's lawsuit against Fernandez. Western World then moved for summary judgment against Banks, the judgment creditor, which the district court granted. Banks now appeals.

<u>DISCUSSION</u>

This Court reviews summary judgments de novo. <u>Krim v. BancTexas Group, Inc., et al.</u>, 989 F.2d 1435, 1444 (5th Cir. 1993). The moving party for summary judgment must show that "there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law." FED. R. CIV. P. 56(c). In response, the non-movant must "go beyond the pleadings and her own affidavits, or by the depositions, answers to interrogatories, and admissions on file, designate 'specific facts' showing that there is a genuine issue for trial." <u>Celotex Corp. v. Catrett</u>, 477 U.S. 317, 324, 106 S. Ct. 2548, 2554, 91 L. Ed. 2d 265 (1986). Lastly, this Court regards the evidence in the light most favorable to the nonmovant. <u>Matsushita Elec. Indus. Co. v. Zenith Radio Corp.</u>, 475 U.S. 574, 587-88, 106 S. Ct. 1348, 1356, 89 L. Ed. 2d 535 (1986).

As the district court noted, the insurance policy does not expressly state the duty of the insured to give notice of either a loss or a claim that falls under the policy provisions.[2]   The policy also does not expressly impose a duty to forward documents related to a lawsuit or to cooperate in the defense or settlement of claims against the insured.   The policy, however, incorporates the following language:

> The company will pay on behalf of the <u>insured</u> all sums which the <u>insured</u> shall become legally obligated to pay as damages because of A. <u>bodily injury</u> or B. <u>property damage</u> to which this insurance applies, caused by an occurrence, . . . and the company shall have the right and duty to defend any suit against the <u>insured</u> seeking damages on account of such <u>bodily injury</u> or <u>property damage</u> . . . and may make such <u>investigations</u> as it deems expedient . . . . (emphasis added).

The district court held that Western World had no duty to indemnify Fernandez or to pay the default judgment to Banks because it determined that Western World suffered prejudice as a result of Fernandez's inexcusable failure to provide notice of the pending litigation to it.  The court noted that although Mississippi common law requires that an ambiguous insurance policy provision "should be

---

[2]Some courts have held that even if a policy does not contain a notice provision, an obligation to notify the insurer within a reasonable period of time will be implied. <u>Olin Corp. v. Ins. Co. of North Am.</u>, 743 F. Supp. 1044, 1051 (S.D.N.Y. 1990).  Although Mississippi has not yet made this determination, it is reasonable to infer from the terms of the policy that Fernandez was required to give Western World notice of any claim or suit within a reasonable time as to allow Western World an opportunity to investigate and defend.

4

construed most strongly against the insurer,"[3] Mississippi law similarly mandates that prejudice to an insurance carrier must be considered when evaluating an insurer's duty to indemnify the insured.[4]

We agree with the district court's assessment that Western World suffered prejudice as a result of Fernandez's inexplicable failure to provide it notice of Banks's claim. Moreover, we deem it unreasonable to expect Western World to undertake an adequate investigation of the Banks's claim 18 months after it was initially filed, given the inevitable dents that time generally places on evidence and recollections. Indeed, this conclusion finds support in Mississippi case law, which states that important provisions of insurance policies "may be implied from what is 'ordinary' and 'reasonable' under the circumstances." Lumbermens, 555 So. 2d at 70 (citing Miss. Farm Bureau Mut. Ins. Co. v. Todd, 492 So. 2d 919, 930 (Miss. 1986)); see also State Farm Mut. Auto. Ins. Co. v. Scitzs, 394 So. 2d 1371, 1372 (Miss. 1981) (stating that "insurance contracts must be given a reasonable and sensible interpretation . . ."). Lumbermens specifically held that two weeks was a reasonable time period in which to give notice to an insurer of a claim. Two weeks, however, is a far cry from the 18 months, which elapsed in the instant case.

---

[3] Lumbermens Mut. Cas. Co. v. Thomas, 555 So. 2d 67, 70 (Miss. 1989). See also State Farm Mut. Ins. Co. v. Commercial Union Ins. Co., 394 So. 2d 890 (Miss. 1981) (stating that "we believe the better view is to hold that unless some prejudice is shown by an insured's failure to cooperate with the insurance carrier in its investigation, such failure does not operate to forfeit the insured's rights under the policy" in a case involving an insurance policy's explicit provision that the insured has a duty to cooperate with the insurance company in the event of a loss); Young v. Travelers Ins. Co., 119 F.2d 877, 880 (5th Cir. 1941) (noting that, in a case in which the insurance policy stated that the insured had a duty to give written notice to the company "as soon as practicable," Mississippi common law makes clear that such notice provisions are "for the protection of the insurer in preparing and making its defense, and it is effective to release the insurer from the obligations of the policy only where it appears, taking both the time of the accident and the time of the notice into view, that the failure to give notice was unreasonable in itself, or if not unreasonable in itself, was so unreasonable as that the insured has taken prejudice from the delay").

[4] Commercial Union Ins. Co. v. Dairyland Ins. Co., 584 So. 2d 405, 408 (Miss. 1991).

Banks counters that Western World was only entitled to notice from Fernandez of her claim within three years, given that there is no provision in the insurance contract mandating such a requirement and Mississippi statutory law on contracts notes that "all actions for which no other period of limitation is prescribed shall be commenced within three (3) years next after the cause of such action accrued and not after." MISS. CODE ANN. § 15-1-49 (2000). Therefore, Banks contends that Western World has received notice within the applicable amount of time, as Fernandez gave notice to Western World within 18 months, well within three years, of being served with a copy of the summons and complaint in the state court action. Separately, Banks also petitions this Court to certify the instant case to the Mississippi Supreme Court because she contends that it is an Erie question into which that court has not previously delved.

While we are mindful of Banks's horrific personal loss and her understandable desire to be compensated for this loss, in, at the very least, a pecuniary sense, we agree with the district court's determination that Western World is not obligated to pay the default judgment against Fernandez. The Mississippi statutory law cited by counsel is inapposite. We find that Mississippi courts have previously treated as a common law issue the question of when an insured has provided her insurance company with notice of a claim within a reasonable amount of time. We deny Banks's petition to certify this issue to the Mississippi Supreme Court for this same reason.

## CONCLUSION

We affirm the grant of summary judgment by the district court against Banks because there is no genuine issue of material fact, and we find that Western World is entitled to judgment as a matter of law.

6

AFFIRMED.